**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| SHANE R. DAVIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:08-CV-574 CAS |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## ORDER

This matter is before the Court pursuant to the Report and Recommendation of United States Magistrate Judge Terry I. Adelman filed August 26, 2009. See 28 U.S.C. § 636(b). The Magistrate Judge recommended that the Court grant plaintiff's request to reverse the decision of the Commissioner and remand the case for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g).

Defendant has filed an objection to the recommendation. Defendant specifically objects to the Magistrate Judge's recommendation that the case be remanded for the ALJ to obtain vocational expert ("VE") testimony regarding "plaintiff's ability to perform work existing in significant numbers in the national economy, despite plaintiff's non-exertional impairment of pain from diabetic neuropathy." Defendant asserts that contrary to the Magistrate Judge's recommendation, pain is not an impairment, but only a symptom that cannot, by itself, constitute a medically determinable impairment. Defendant states the relevant issue, therefore, is whether plaintiff's non-exertional limitations significantly limit his ability to perform a full range of work at the appropriate exertional level.

The undersigned finds that the Magistrate Judge accurately stated the law, and agrees with the Magistrate Judge's conclusion that the ALJ erred in failing to elicit testimony from a VE regarding plaintiff's non-exertional impairments and their impact on his ability to perform jobs in the national economy. When a claimant is limited by the non-exertional impairment of pain, the Commissioner may not rely on the Grids and must instead present testimony from a VE to support a determination of no disability. See Gray v. Apfel, 192 F.3d 799, 802 (8th Cir. 1999). The Magistrate Judge determined the medical records did not support the ALJ's rejection of plaintiff's pain symptoms, and then specifically referred to the medical records in support of his findings. See R&R at 14-15. Defendant's argument that pain is a symptom of an impairment rather than an impairment itself is a technical one and does not change the findings of the Magistrate Judge. See, e.g., Social Security Ruling 96-4p, 1996 WL 374187, *2 (July 2, 1996) ("[A]llegations about the intensity and persistence of the symptoms must be considered with the objective medical abnormalities . . . in evaluating the functionally limiting effects of the impairment.")

After de novo review of the matter, the Court concurs with the recommendation of the Magistrate Judge that the Commissioner's decision in this matter should be reversed and this case remanded for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g).

Accordingly,

**IT IS HEREBY ORDERED** that the Report and Recommendation of the United States Magistrate Judge is **sustained, adopted** and **incorporated** herein. [Doc. 19]

**IT IS FURTHER ORDERED** that the decision of the Commissioner is **REVERSED**.

**IT IS FURTHER ORDERED** that pursuant to sentence four of 42 U.S.C. § 405(g), this case is **REMANDED** to the Commissioner for further proceedings consistent with the Report and Recommendation.

An appropriate judgment of remand will accompany this order.

                                        **CHARLES A. SHAW**
                                        **UNITED STATES DISTRICT JUDGE**

Dated this   22nd   day of September, 2009.